### 15681. MORGAN *v.* ATLANTA HUB COMPANY INCORPORATED.

As to the defenses that the notes sued on were procured by duress, through threat of a criminal prosecution, and that there was a total failure of consideration, there was conflict in the evidence. The verdict was authorized by the evidence, and for no reason pointed out in the record did the court err in overruling the motion for a new trial.

DECIDED OCTOBER 7, 1924.

Complaint; from city court of Macon—Judge Jordan. May 9, 1924.

*R. D. Feagin,* for plaintiff in error.

*Walter DeFore, James C. Estes,* contra.

LUKE, J. Atlanta Hub Company sued Morgan upon certain promissory notes, and secured a verdict and judgment. Morgan pleaded that "said notes constituted no liability against this de-

fendant at all, for the reason that they were wholly without consideration, and were given to suppress a threatened criminal prosecution, and were executed under duress." The plea of duress was substantially as follows: Defendant was manager of the Atlanta store of plaintiff from May, 1919, until August, 1921, and he and two other employees, Millwood and Moore, carried keys to the store. Moore left about October, 1920, going to the plaintiff's store in Alabama, where, after the execution by the defendant of the notes sued on, Moore was caught short in stock, and confessed to the plaintiff that he had been taking the stock in his charge and selling it and appropriating the money. Plaintiff inventoried its stock twice a year, on June 30, and December 31. It claimed that its inventory of December 31, 1920, showed a shortage of about $3,000, and demanded, through its office manager, E. J. Hall, that the defendant assume liability for one third of this amount. Defendant knew nothing about the shortage, was not responsible for it, and refused the plaintiff's demand. Through the said Hall the plaintiff threatened that unless the defendant would assume responsibility for $1,000 of the shortage, he would be immediately arrested and prosecuted criminally for the alleged larceny, but that if he would execute the notes, he would be retained in the plaintiff's employ, and would not be prosecuted criminally. The defendant was young, inexperienced in the courts, had a good reputation, and would have been done great injury by the prosecution, even had the charge been successfully defended. He was convinced that the plaintiff would have prosecuted him as it threatened, and he signed the notes solely to prevent the prosecution; and the fear engendered thereby amounted to legal duress. There was no prosecution, but after he had paid $75 on the notes he was discharged by the plaintiff, without cause on his part. Thereafter he ceased to pay on the notes and repudiated them.

Upon the trial of the case the evidence as to duress was in sharp conflict, and the verdict resolved that conflict against the defendant. However, Morgan contends that his answer sets up two distinct defences, total failure of consideration and duress; that under the evidence it was at least a jury question as to whether he actually took any of the missing goods, Atlanta Hub Company having failed to prove that he did; and that since he did not agree in

writing to settle for the debt, default, or miscarriage of another, the judge's repeated reference, in his charge, to duress, without referring in that connection to failure of consideration, practically eliminated the latter plea from the consideration of the jury; and that he did not have a fair trial.

Having in mind the rule that pleadings are to be construed most strictly against the pleader, the writer entertains some doubt as to whether there was really a distinct plea of failure of consideration in the case. However, we will assume that there was a valid plea of total failure of consideration, and consider the case from that viewpoint. In this connection we deem it proper to mention some of the testimony of defendant. He swore: "I always denied liability for this shortage. It was the distinct understanding between me and Mr. Hall that I should be manager and responsible for this stock of goods when I was employed." He further swore: "I don't recall ever having signed any obligation or contract that made me personally responsible for any loss of stock from the store. I was under bond for shortage for any loss of stock from the store." The defendant, in a letter written to E. J. Hall in April, 1921, said: "I am in receipt of yours of the 26th with reference to the shortage in my store. I really cannot say how much I really appreciate the consideration shown me in this decision. I appreciate fully the position the company was placed in, and realize that it is quite difficult to arrive at a conclusion under such circumstances. I agree with you that it is nothing but right that I should assume a portion of this shortage, and I think it is taxing the meaning of the word 'fair' to the limit when you cut my portion down to $1,000."

The court charged: "If you should believe, from a consideration of the evidence, that, when the shortage was discovered, neither the plaintiff nor the defendant in good faith understood that there was any liability existing between them, or if you should believe that the plaintiff in the case in good faith knew or understood that there was no liability on the part of the defendant,—if you should believe that to be the truth of the case,—the court charges you that defendant would not be liable, and he would be entitled to a verdict at your hands."

The jury's verdict being a finding adverse to the plea of duress,

and defendant having signed the notes sued on, and having, according to his own testimony, repudiated the notes only when he was discharged by the plaintiff, there was no reversible error in the charge of the court. For no reason pointed out in the record did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*